GAINEY, guardian, *v.* BANK OF THOMASVILLE *et al.*

No. 9185. MARCH 18, 1933.

*Hay & Gainey* and *J. W. Butler,* for plaintiff.
*Alexander & Jones* and *Boyd Sloan,* for defendant.

RUSSELL, C. J. Jesse J. Gainey as guardian of Willia Jackson, an incompetent veteran of the world war, brought his petition

against the Bank of Thomasville, R. E. Gormley, superintendent of banks, and W. C. Patterson, liquidating agent of the bank, for recovery of certain sums of money alleged to have been deposited by the plaintiff with the bank from funds provided by the United States Government for said incompetent veteran for compensation and insurance under the Federal law. It was alleged that the Bank of Thomasville had become insolvent and had been closed, and taken charge of by the State superintendent of banks, at which time the plaintiff had in the bank certain sums of money of the compensation and insurance provided for said incompetent, which had been there deposited under order of the superior court; that the defendants had on hand an amount of money larger than the total amount of plaintiff's said deposit; that plaintiff had demanded payment of said money, which defendants had refused; that they were proceeding to liquidate the affairs of the bank, and would, unless restrained, apply said money with the other assets to payment of other obligations of the bank; that said funds were exempt by Federal law from the claims of any one, and from any process whatever, and were not subject to be used to pay any expenses of liquidation of the bank, or to be prorated among depositors, or to pay any other obligation thereof, or to be administered under the laws of Georgia in the liquidation of the bank in any manner, except to be returned in full to plaintiff. He prayed for judgment in the full amount of said deposits, and for injunction. The court sustained a general demurrer and dismissed the petition. The plaintiff excepted.

The court did not err in the judgment excepted to. The Federal statute cited above has been dealt with by this court only in so far as it related to exemption from taxes of the funds referred to. *Rucker* v. *Merck*, 172 *Ga.* 793 (159 S. E. 501); *City of Atlanta* v. *Stokes*, 175 *Ga.* 201 (165 S. E. 270). That portion of the statute which exempts such funds from the claims of "creditors" has no application to the facts of this case. The funds were paid to the guardian of a soldier who was non compos mentis. This duly authorized representative of the court which appointed him was responsible as a fiduciary for the safety of the funds. In this situation he obtained from the superior court an order directing him to deposit certain funds in the Bank of Thomasville, and in pursuance of that order did deposit the funds in the bank. The effect

of this conduct was only to make the bank a debtor of the guardian of the imbecile soldier. The statute cited above, in so far as applicable here, is that "The compensation, insurance, and maintenance and support allowance payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of *creditors* of any person to whom an award is made under Parts II, III, or IV." The bank now being liquidated was not a creditor of the person to whom the award was made, and to creditors alone does the act apply. It would be too great a strain to stretch the meaning of the word "creditors" so as to torture and destroy the ordinary and usual meaning of the word, and thus to so distort its meaning as to substitute for it the word "debtors." Had there been anything in the case to show that the bank at any time advanced money or other thing of value to this imbecile soldier, the allowances payable under parts II, III, and IV would not be subject to the claims of this creditor. There is no statement in the petition which makes this averment, or inferentially suggests it. The order of the court merely provided for an investment, in so far as it related to the deposit as a saving, and the Federal law does not attempt to interfere with the statutes of Georgia upon that subject. Moreover, under the terms of the purported investment in this case, the bank still remained a debtor, and not a creditor, of the veteran. The Federal statute, passed in the exercise of the government's paramount power in making war, must be superior and controlling of State laws in conflict therewith, as held in the *Stokes* case, supra; but where there is no conflict, the statutes of a State are enforceable as written, and there is no conflict between the Federal statute and the banking act of Georgia of 1919 (Ga. L. 1919, p. 135), as amended by the act of 1925 (Ga. L. 1925, p. 119).

*Judgment affirmed. All the Justices concur.*

GILBERT, J., concurs in the judgment.