WOODWARD v. UNITED STATES ᴇᴛ ᴀʟ.

No. 476. Argued April 11, 1951.—Decided April 23, 1951.

*Claude T. Wood* argued the cause for petitioner. With him on the brief was *Louren G. Davidson.*

*Solicitor General Perlman, Assistant Attorney General Baldridge, John R. Benney, Paul A. Sweeney* and *Herman Marcuse* submitted on brief for the United States, respondent.

*Flavius B. Freeman* argued the cause for Haizlip, respondent. With him on the brief was *Jean Paul Bradshaw.*

Pᴇʀ Cᴜʀɪᴀᴍ.

Petitioner brought this action against the United States to secure the proceeds of a National Service Life Insurance Policy taken out by Evelyn Haizlip, a member of the Women's Army Corps. Before insured's death in 1945, petitioner, described by insured as her "brother," had been designated as beneficiary. The husband of the insured was interpleaded as a conflicting claimant. If petitioner, who was insured's brother by virtue of an adoption decree, is not within the permissible class of beneficiaries under § 602 (g) of the National Service Life Insurance Act of 1940,* the husband is entitled to the proceeds in this case.

---

*"The insurance shall be payable only to a widow, widower, child . . . , parent, brother or sister of the insured. The insured

The Court of Appeals affirmed the District Court which had held that an adopted brother was not a permissible beneficiary under § 602 (g). 185 F. 2d 134 (C. A. 8th Cir. 1950). See also the prior opinion of that court in this proceeding, 167 F. 2d 774 (C. A. 8th Cir. 1948). The Court of Appeals for the Third Circuit had reached a directly contrary conclusion under similar circumstances. *Carpenter* v. *United States,* 168 F. 2d 369 (C. A. 3d Cir. 1948). Our grant of certiorari was limited to the question whether a brother by adoption is within the permissible class of beneficiaries under § 602 (g) of the National Service Life Insurance Act of 1940. 340 U. S. 929 (1951).

We have examined the Act, its legislative history and related statutory provisions and have considered the various inferences drawn from the legislative materials by counsel. The short of the matter is that Congress has not expressed itself in regard to the question before us. In resolving the conflict of decisions, we must determine whether the word "brother," as used in this federal statute, restricts the policyholder's choice of beneficiaries to brothers of the blood. We are persuaded by the policy against drawing such a distinction in the family relationship. Contemporaneous legal treatment of adopted children as though born into the family is a manifestation of that policy. See *Carpenter* v. *United States, supra; McDonald* v. *United States,* 91 F. Supp. 163 (D. C. D. Mass. 1950). Consequently, we hold that a brother by adoption is a permissible beneficiary under § 602 (g) of the National Service Life Insurance Act of 1940.

*Reversed.*

---

shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided, . . . ." 54 Stat. 1008, 1010, as amended, 38 U. S. C. § 802 (g).