## UNITED STATES v. ROCK.

### No. 11425.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 8, 1952.

Decided Nov. 20, 1952.

Proctor, Circuit Judge, dissented.

Benjamin Forman, Atty., Department of Justice, Washington, D. C., pro hac vice, by special leave of court, with whom Charles M. Irelan, U. S. Atty., and Paul A. Sweeney, Atty., Department of Justice, Washington, D. C., were on the brief, for appellant. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered an appearance in behalf of appellant.

Robert C. Handwerk, Washington, D. C., with whom Jordan R. Bentley, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

This appeal is from a judgment awarding appellee the proceeds of a National Service Life Insurance policy. There is no dispute about the facts. Appellee was the beneficiary named in the policy. The insured described her as his cousin but she was not his cousin. When he entered military service he had lived with appellee and her family, and she had treated him like a son, for a number of years. This began

when he was 28, appellee 33, and appellee's husband 31. The insured died September 12, 1944.

Disregarding a 1946 amendment not pertinent here, 60 Stat. 782, § 4, 38 U.S.C.A. § 802(g), the National Service Life Insurance Act of 1940 forbids payment to the named beneficiary unless she stands in one of several specified relationships to the insured. These include "parent". 54 Stat. 1010, § 602(g), 38 U.S.C.A. § 802(g). The Act also provides that "The terms 'parent', 'father', and 'mother' include a father, mother, father through adoption, mother through adoption, *persons who have stood in loco parentis to a member of the military or naval forces at any time prior to entry into active service* for a period of not less than one year, and a stepparent, if designated as beneficiary by the insured." (Emphasis supplied.) 60 Stat. 781, § 1, 38 U.S.C.A. § 801(f).

As appellant says, the question is "Whether one claiming to be *in loco parentis* to an insured serviceman is a permitted beneficiary under Section 602(g) of the National Service Life Insurance Act where the relationship had its inception after the insured, who was neither physically nor mentally incapacitated, had reached his majority." We think he is a permitted beneficiary.[1] "The words, in loco parentis, merely translated, mean 'in the place of a parent.' The ordinary meaning of a person standing in loco parentis would, therefore, seem to be a person standing in the relation of, or assuming the relation of a parent to another. * * * Since, then, it is our view that there is no generally accepted common law meaning of the phrase, in loco parentis,[2] the natural and ordinary meaning, as heretofore indicated, is to be given the term, and the statute is to be liberally construed to carry out the intention of the insured." Thomas v. United States, 6 Cir., 189 F.2d 494, 497, 505. The Supreme Court has construed quite as liberally the word "brother", in the same statute, by applying it to an adopted son of the parents of the insured. Wodward v. United States, 341 U.S. 112, 71 S.Ct. 605, 95 L.Ed. 648.

In a supplemental memorandum the appellant says : "We contend here only that an *in loco parentis* relationship must have its inception during the minority of the insured, unless the insured was mentally or physically incapacitated, not that a relationship so initiated cannot continue after the majority of the insured." But we see no good reason why this voluntary relation which may exist during majority may not begin during majority. The legislative history on which appellant relies does not answer the question. It tends to show that Congress believed the term *in loco parentis* to have a legal sense and that Congress intended to use the term in this sense,[3] but it does not suggest that this sense would exclude persons in appellee's position. The administrative construction on which appellant relies seems to us clearly erroneous.

Affirmed.

PROCTOR, Circuit Judge, dissents.

---

1. Zazove v. United States, 7 Cir., 1946, Minton, J., 156 F.2d 24, Thomas v. United States, 6 Cir., 1951, McAllister, J., 189 F.2d 494, certiorari denied 342 U.S. 850, 72 S.Ct. 78; contra, Powledge v. United States, 5 Cir., 1951, 193 F.2d 438, affirming, D.C., 88 F.Supp. 561. The Powledge case implies the beneficiary would have been qualified if the insured had been incapacitated.

2. The court reached this conclusion after reviewing English and American cases.

3. E.g., Mr. Kearns inquired on the floor of the House of Representatives whether the term "in loco parentis" would make a "foster son" of a boy who merely went into a family home and lived there a year "as a member of that family." Mr. Dewalt replied: "Oh, no. * * * The term loco parentis is one which has a legal significance." 58 Cong.Rec. 5090.