23979. COOPER, Guardian, et al. v. MELVIN et al.

ARGUED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*Claude N. Morris,* for appellants.

*William T. Roberts, William E. Smith, James V. Davis,* for appellees.

COOK, Justice. The first question for determination is whether the word "children" in the beneficiary clause of a group insurance policy, insuring the putative father of illegitimate children, who have not been legitimated, can entitle these illegitimate children to share in the proceeds of the policy. Counsel have cited us no case in Georgia directly in point on this question, and we have found none. We must therefore look to the laws in this state relating to illegitimate children to determine whether they are included in the term "children" used in the policy. *Foster v. Cheek,* 212 Ga. 821, 827 (96 SE2d 545).

"Children and grandchildren, as used in statutes, generally refer to legitimate descendants, unless there is something which shows a contrary intent on the part of the legislature." *Code* § 102-103; *Brinkley v. Dixie Constr. Co.,* 205 Ga. 415 (54 SE2d 267). "The words *children* and *issue* in deeds, wills, and other conveyances must be held to mean legitimate children or issue, unless the context is such as to require a different meaning, or the circumstances surrounding the execution of the paper are such as to make the words import other than legitimates."

*Johnstone v. Taliaferro,* 107 Ga. 6, 20 (32 SE 931, 45 LRA 95); *Hicks v. Smith,* 94 Ga. 809 (22 SE 153); *Wilson v. Ingram,* 207 Ga. 271 (61 SE2d 126).

The mother of an illegitimate child is the only parent recognized by law, unless the father legitimates him. *Code* § 74-203; *Floyd v. Floyd,* 97 Ga. 124, 126 (24 SE 451). Illegitimate children have no rights of inheritance except that given them by law; they may inherit from their mother and from other children of the same mother. *Code* § 113-904.

The language in the insurance policy under consideration in the present case does not indicate in any way that the word "children" is intended to include any but legitimate children. Since it is a group insurance policy, and the language is a part of the printed form of the policy, no circumstances surrounding the execution of the policy would be enlightening as to the intended meaning of the word "children."

In view of the statutes and decisions of this court defining the word "children," and the policy of our law as to inheritance by illegitimate children, we must hold that the word "children" in the insurance policy of the putative father of the illegitimate children did not entitle them to share in the proceeds of the policy, and it was error to direct a verdict finding them entitled to a share of the proceeds, and to order the disbursement of one-half of the proceeds of the policy to them. It is unnecessary to consider other questions made by the enumeration of errors.

*Judgment reversed. All the Justices concur.*