44457. DAVENPORT, Administratrix v. SERVICEMEN'S GROUP LIFE INSURANCE et al.

SUBMITTED MAY 6, 1969—DECIDED MAY 15, 1969.

*Hodges & Oliver, G. Robert Oliver,* for appellant.

*S. M. Landress, Felton Jenkins, Jr.,* for appellees.

EBERHARDT, Judge. We have for decision a case in which competing claims are made to the proceeds of a deceased soldier's Servicemen's Group Life Insurance. Charles E. Willbanks was insured under Group Life Policy G-32000 issued by The Prudential Insurance Company of America to the Administrator of Veterans Affairs in accordance with the Servicemen's Group Life Insurance Act, Pub. L. 89-214, 79 Stat. 880, 38 USC §§ 765-776 (1965).

In the final procedural posture of the case the claimants are Brenda Gail Mann, the designated beneficiary of the proceeds and putative fiancee of the deceased soldier; Martha R. Davenport and Clarence E. Willbanks, his mother and father; and Martha R. Davenport as temporary administratrix of the estate of Charles E. Willbanks, deceased. Servicemen's Group Life Insurance, a division of The Prudential Insurance Company of America which was set up and organized pursuant to Pub. L. 89-214, supra, has paid the proceeds into court and has no further interest in the matter. Miss Mann made a motion for summary judgment which was granted, and the question before us is whether the trial court was correct in awarding the proceeds to her. Claimants other than Miss Mann will be referred to as "claimants."

■ The record discloses that Willbanks, a minor resident of Georgia, entered the Army February 1, 1967, and was stationed at Fort Benning, Georgia. On February 2, 1967, he

executed a designation of beneficiary form (DA-3054) in which he named Miss Mann as the sole beneficiary of his Servicemen's Group Life Insurance. On November 22, 1967, he was killed in combat in Vietnam.

It is claimants' first contention that under § 46-2406 of the Insurance Code (Ga. L. 1960, pp. 289, 658; *Code Ann.* § 56-2406), Miss Mann was not a qualified beneficiary of any insurance covering the life of the deceased. This section, entitled "Capacity to contract for insurance; minors," provides, inter alia, that a minor not less than 15 years of age may, notwithstanding his minority, contract for life insurance on his own life with the limitation that the insurance shall be made payable either to the minor or his estate or to a person having an insurable interest in his life. It is contended that Miss Mann had no insurable interest in the life of the deceased[1] and therefore was not a qualified beneficiary.

The issue as posed by claimants is "What law determines the qualification of the designated beneficiary?" It is urged that since Pub. L. 89-214, supra, does not set forth the qualifications of those persons entitled to take as a designated beneficiary,[2] this question has not been pre-empted by federal law and is left to a determination under the state statutes, such as *Code Ann.* § 56-2406, supra, of the soldier's domicile.

When the question before the courts pertains to the qualification or identity of the beneficiary, it is conceivable that state law might in some instances be applicable. For example, un-

---

[1]In her affidavit Miss Mann claimed that she and deceased were engaged to be married. If this be the case, she would have an insurable interest in his life. See *Clements v. Terrell*, 167 Ga. 237 (2) (145 SE 78, 60 ALR 969); 43 AmJur2d 538, Insurance, § 507.

[2]"(a) Any amount of insurance under this subchapter in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence: First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received in the uniformed services prior to such death." 38 USC § 770.

der the National Service Life Insurance Act of 1940 (54 Stat. 1008, 38 USCA 701-725) before its amendment in 1946 (60 Stat. 781, 782 § 4), the eligible beneficiaries which could be designated by the insured were restricted by the terms of the Act (54 Stat. 1008, 1010, § 602 (g)) to the insured's widow, widower, child, parent, brother or sister; and it has been held that state law was applicable to determine the identity of the widow, etc. at the time of the insured's death. Annot., 94 LE 432. See also Annot., 3 ALR2d 846. Similarly, United States v. Foster, 238 FSupp. 867, applied to a National Service Life Insurance case the Hawaiian or common law rule that a beneficiary of a life insurance policy is not permitted to take the proceeds where the beneficiary kills the insured by wrongful act.

However, where state law conflicts with the right granted by Congress to a serviceman to name in the first instance a beneficiary of his own choosing, state law must yield. Const. Art. XII, Sec. 1, Par. 1 (Code Ann. § 2-8001); *Gainey v. Bank of Thomasville*, 176 Ga. 736 (168 SE 877); *O'Malley v. Wilson*, 182 Ga. 97, 109 (185 SE 109). Thus it has been held that to allow a widow under state community property law to share in the proceeds of a serviceman's war risk insurance as against others whom he has designated as beneficiaries would be to nullify the serviceman's choice and frustrate the deliberate purpose of Congress. Wissner v. Wissner, 338 U. S. 655 (70 SC 398, 94 LE 424). Accord: Pack v. United States, 176 F2d 770 (CA 9); Barton v. United States, 75 FSupp. 703 (S.D. Calif.); Thoen v. Thoen, 248 Cal. App. 2d 354 (56 Cal. Rptr. 614).

The issue in this case is not whether Miss Mann is a qualified beneficiary but whether the serviceman had the right, under federal law creating the insurance, to name a beneficiary of his own choosing regardless of his minority. In United States v. Williams, 302 U. S. 46 (58 SC 81, 82 LE 39), it was held that a minor could cancel his war risk insurance payable to his mother even though his parents had given their consent to his enlistment on condition that he would carry the insurance payable to his mother. The Supreme Court stated (p. 49): "Enlistment is more than a contract; it effects a change of status. It operates to emancipate minors at least to the extent

that by enlistment they become bound to serve subject to rules governing enlisted men and entitled to have and freely dispose of their pay.  Upon enlistment of plaintiff's son, and until his death, he became entirely subject to the control of the United States in respect of all things pertaining to or affecting his service . . . War risk insurance was made available to those in active military service for the greater protection of themselves and their dependents.  By the insurance contract, of which applicable provisions of statutes and regulations constitute a part, the insured minor was authorized to allot a part of his pay for the payment of premimums, to change beneficiaries without their consent and to cancel the insurance in whole or in part."

The regulations pertinent to Servicemen's Group Life Insurance provide, inter alia, that "A member may designate any person, firm, corporation, or legal entity (including the estate of the member), individually or as trustee, as beneficiary . . . A change of beneficiary may be made at any time and without the knowledge or consent of the previous beneficiary."  38 CFR 9.16 (a), (d) (Jan. 1, 1968).  Thus neither the statute (38 USC § 770, note 2, supra) nor the regulations place any restriction on a serviceman's capacity to designate a beneficiary, Congress having given him the right to name in the first instance a beneficiary of his own choosing.

Directly in point is Johnson v. Prudential Ins. Co. of America, 182 Neb. 673 (156 NW2d 812), a case decided under the Servicemen's Group Life Insurance Act, supra.  The serviceman there, while a minor, designated his fiancee as his beneficiary on form DA 3054, and his mother contended, as here, that state law governed so that his designation of beneficiary was ineffectual in view of his minority.[3]  The court held that the Servicemen's Group Life Insurance Policy is a contract between the government of the United States and the insurers for the benefit of those insured; that the Servicemen's Group Life In-

---

[3] Apparently in that case, as in this, the parents would be next entitled in the order of precedence set out in 38 USC § 770 if the designated beneficiary were eliminated from consideration.

surance Act is the supreme law of the land and controls over conflicting state law with respect to the disposition of proceeds of policies issued thereunder; and that under the Act, the minority of the insured at the time of the designation of beneficiary in the insurance police is not a bar to his designation of a beneficiary and such a designation will be enforced in accordance with its terms. As the court stated (p. 676): "There are no restrictions placed upon the right of the insured to designate his beneficiary. The right of the insured to designate or change the beneficiary of his Servicemen's Group Life Insurance policy at his sole instance is in no manner limited and is, in fact, absolute. The Congress well knew that minors would be called into military service. It was the province of Congress to include limitations on minors if such was desired. This it did not do and the right of a minor to designate his beneficiary was specifically granted. The fact that the insured was a minor when the designation of beneficiary was made does not deprive him of the right to do that which the controlling federal statute authorized him to do."

We conclude that Insurance Code § 56-2406 (*Code Ann.* § 56-2406), supra, conflicts with the Servicemen's Group Life Insurance Act and must, therefore, yield. Miss Mann is entitled to the proceeds as designated beneficiary unless the insured had effectively changed beneficiaries.

■ Claimants contend, however, that there was an issue of fact as to whether prior to his death the deceased had effectively changed his beneficiary from Miss Mann to his mother. Admittedly there was no change in writing, signed by the insured, and received by his uniformed service as required by 38 USC § 770 and 38 CFR § 9.16(c). The change is sought to be established under the principle that in war risk insurance cases literal compliance with the requirements as to change of beneficiary is not necessary to make the change effective, since the courts will brush aside legal technicalities in order to effectuate the intent of the insured. Mitchell v. United States, 165 F2d 758 (CA 5); Annot., 2 ALR2d 489 (1948). In the cited annotation and supplements is a large collection of cases dealing with change of beneficiary under the National Service Life In-

surance Act of 1940, together with a detailed analysis of the whole subject. In view of this treatise, it is unnecessary to do more here than to state briefly some of the established principles. Just as the courts, in deciding change of beneficiary questions under the National Service Life Insurance Act, looked to decisions under the War Risk Insurance Act of World War I, the principles laid down in the decisions dealing with the former Act are pertinent and applicable to cases arising under the Servicemen's Group Life Insurance Act because of the substantial identity of the two Acts in regard to the requirements for change of beneficiary.

While it is thoroughly settled that the serviceman need not comply literally with change of beneficiary regulations, and while there is no difference of opinion in the decisions as to the first requirement to evidence a change of beneficiary—that is, that the insured must have a manifest intent to change the beneficiary—there is an apparent, if not real, split of authority as to the degree of affirmative action necessary to effect a change. The so-called "strict" rule requires proof that the insured did everything reasonably within his power to accomplish the change before the court will give effect to his intent. The so-called "liberal" rule, although allowing a change on proof of intent, still requires a showing of affirmative action to such an extent as to make clear the intention of the insured to change the beneficiary. In any event, "The cases are unanimous that a mere intent to change a beneficiary is not enough. They require that such an intent must be followed by some affirmative act on the part of the insured evidencing an exercise of the right to change the beneficiary." Annot., 2 ALR2d 489, 510, supra. See also 44 AmJur2d 1047, § 2100. In this connection there is abundant authority that a writing in some form is a minimum requirement. Moths v. United States, 179 F2d 824 (CA 7) ; Farmakis v. Farmakis, 172 F2d 291 (84 App. DC 297) ; Bratcher v. United States, 205 F2d 953 (CA 8) ; Sights v. United States, 89 FSupp. 235 (DC Dist. Col.) ; Blanchard v. United States, 91 FSupp. 889 (DC N.H.) ; Moore v. United States, 129 FSupp. 456 (DC Cal.) ; Ward v. United States, 371 F2d 108 (CA 7) ; Legatie v. United States, 40 FRD 114 (DC N.Y.).

In the case at bar the evidence as to the deceased's intention to change his beneficiary is exceedingly weak. It consists only of the affidavits of deceased's mother and two other ladies, where they affirm that during leave prior to going to Vietnam the deceased stated that he had changed the beneficiary of his insurance so that his mother would receive the proceeds in the event of his death. There is no writing of any sort, not even a letter, to indicate such an intention, and there is no evidence of any affirmative act whatever having been undertaken to change the beneficiary. Whether the "strict" or the "liberal" rule be applied, it must be held that the deceased serviceman had not effectively changed the beneficiary from Miss Mann to his mother.

*Judgment affirmed. Bell, P. J., and Deen, J., concur.*