25787.  PETTIFORD v. FRAZIER et al.

SUBMITTED MAY 11, 1970—DECIDED JUNE 9, 1970.

*John Henry Poole,* for appellant.

*Harvey L. Jay, Robert L. Cork,* for appellees.

MOBLEY, Presiding Justice. This appeal is from an order finding that the appellant, an illegitimate, is not entitled to inherit the estate of her father, who died intestate.

*Code* § 113-904 provides: "Bastards have no inheritable blood, except that given to them by express law. They may inherit from their mother, and from each other, children of the same mother, in the same manner as if legitimate. Legitimate and illegitimate children of the same mother shall inherit alike the estate of the mother." *Code* § 74-103 provides the manner in which the father of an illegitimate child may legitimate the child and make it capable of inheriting from him in the same manner as if born legitimate.

The appellant concedes that her parents never married, and that her father did not legitimate her. Under the laws of this State she is not entitled to inherit her father's estate. *Cooper v. Melvin,* 223 Ga. 239 (154 SE2d 373).

The only question before this court for review is the contention that denial of the right of inheritance to the appellant under the inheritance laws of Georgia violates the Fourteenth Amendment of the Constitution of the United States (*Code* § 1-815) which declares that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; . . . nor deny to any person within its jurisdiction the equal protection of the laws."

The right of succession to the property of a deceased person is not a natural and inalienable right, guaranteed by the Constitution of the United States. "Since succession to intestate property is at the will of, and subject to, the sovereign political power of the state, the state may regulate and control such succession as it deems necessary. Thus, the legislature may change, condition, or abrogate the law of succession, subject to certain constitutional limitations which are restricted in their scope. . . The Fourteenth Amendment to the Federal Constitution does not deprive the states of the power to determine the limitations and restrictions upon the right to inherit property, but at most can only be held to restrain such an exercise of power as would exclude the conception of government and discretion, and which would be so obviously arbitrary and unreasonable as to be beyond the pale of governmental authority." 23 AmJur2d 759-761, Descent and Distribution, § 13. See *Farkas v. Smith,* 147 Ga. 503, 513 (94 SE 1016); Campbell v. California, 200 U. S. 87, 95 (26 SC 182, 50 LE 382); Maxwell v. Bugbee, 250 U. S. 525, 541 (40 SC 2, 63 LE 1124).

At common law an illegitimate child had no right of inheritance. *Hicks v. Smith,* 94 Ga. 809, 812 (22 SE 153). The legislature of our State has softened this harsh rule to the extent of allowing the illegitimate to inherit from its mother, brothers, and sisters. In many States the right to inherit from its father is given the illegitimate by statute. 10 AmJur2d 960, Bastards, § 158. This is a matter of legislative discretion in each State.

The denial to the appellant, an illegitimate, of inheritance from her intestate father, under the laws of inheritance of this State, does not violate the Fourteenth Amendment of the Constitution of the United States.

*Judgment affirmed. All the Justices concur.*