26279. DOBYNS et al. v. PRUDENTIAL
INSURANCE COMPANY OF AMERICA et al.

NICHOLS, Justice. The sole question for decision in this appeal is whether the parents, or the acknowledged illegitimate child, of a deceased United States serviceman, are entitled to the proceeds of a policy of government insurance where the serviceman has failed to designate a beneficiary.

38 USCA § 770 provides in part as to the priority of beneficiaries

where the serviceman fails to designate a beneficiary: "(1) To the widow or widower of the member; (2) If neither of the above, to the child or children of the member, in equal shares, and descendants of deceased children by representation; (3) If none of the above, to the parents of such member, in equal shares, or the survivor of them."

Motions for summary judgments were made on behalf of the child and of the parents based upon an agreed statement of facts. The trial court found for the child and against the parents and the present appeal was filed. The summary judgment for the child was a final judgment and the judgment denying the parents motion for summary judgment was certified for review. *Held:*

1. Under the full bench decision of this court in *Cooper v. Melvin,* 223 Ga. 239 (154 SE2d 373), construing the identical language of the Federal Employees' Group Life Insurance Act of 1954 (50 USCA § 3085) the language in 38 USCA § 770 providing for the payment of Servicemen's Group Life Insurance benefits in the event the serviceman fails to designate a beneficiary must be construed as not including an illegitimate, though acknowledged, child of a serviceman where the child has not been made legitimate by one of the methods provided by law. See *Code* §§ 74-101, 74-103.

2. There being no widow, and no child or children surviving the serviceman, the parents of such serviceman are entitled to the proceeds of the insurance policy, and the trial court erred in granting the motion for summary judgment on behalf of the illegitimate child and denying the motion for summary judgment made by the parents.

*Judgment reversed. All the Justices concur.*
ARGUED JANUARY 11, 1971—DECIDED JANUARY 29, 1971.

*C. James Jessee, Jr., Christopher D. Olmstead,* for appellants.
*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright, M. F. Martin, III, Bennet, Gilbert, Gilbert & Whittle,* for appellees.
*Heard & Leverett, E. Freeman Leverett,* amicus curiae.