26401. PRUDENTIAL INSURANCE COMPANY OF AMERICA v. WILLIS.

PER CURIAM. This case, on certiorari from the Court of Appeals (123 Ga. App. 150 (179 SE2d 688)), is controlled by *Dobyns v. Prudential Ins. Co.,* 227 Ga. 253 (179 SE2d 915), *Cooper v. Melvin,* 223 Ga. 239 (154 SE2d 373), and *Foster v. Cheek,* 212 Ga. 821 (96 SE2d 545), which cases require a reversal of the decision of the Court of Appeals. See also Seaboard A. L. R. v. Kenney, 240 U. S. 489 (36 SC 458, 60 LE 762) and De Sylva v. Ballentine, 351 U. S. 570 (76 SC 974, 100 LE 1415).

*Judgment reversed. All the Justices concur, except Felton and Hawes, JJ., who dissent.*

ARGUED APRIL 12, 1971—DECIDED MAY 20, 1971.

*Lavender & Cunningham, Woodrow Lavender, Fred Cunningham, King & Spalding, Charles L. Gowen, A. Felton Jenkins, Jr., Joseph B. Hayes,* for appellant.

*Heard & Leverett, E. Freeman Leverett,* for appellee.

FELTON, Justice, dissenting. This court granted certiorari in this case (123 Ga. App. 150 (179 SE2d 688)), to determine whether

the meaning of the term "child or children" in the beneficiary clause of the Servicemen's Group Life Insurance Act, 79 Stat. 883 (1965), 38 USCA § 770, must be determined according to state or federal law. I have investigated the question in great depth, assisted by the splendid briefs filed by both parties, and have concluded that the term should be construed under federal law under the terms of the supremacy terms of the United States Constitution and not under Georgia law. It follows that *Dobyns v. Prudential Ins. Co.,* 227 Ga. 253 (179 SE2d 915), *Cooper v. Melvin,* 223 Ga. 239 (154 SE2d 373) and *Foster v. Cheek,* 212 Ga. 821 (96 SE2d 545), are not controlling in this case and should be overruled to the extent that they hold that Georgia law applies. An insight into the answer to the question in this case comes from the decision of the Supreme Court of the United States in Labine v. Vincent, 401 U. S. (91 SC, 28 LE2d 288), decided on March 29, 1971), wherein the court held that the Louisiana law, denying the right of an illegitimate child to inherit from his intestate father, did not violate the equal protection and due process clauses of the United States Constitution. This court held the same thing as to Georgia law in *Pettiford v. Frazier,* 226 Ga. 438 (175 SE2d 549). *In those cases there was no question as to whether federal law applied because of a congressional policy which conflicted with state law.* Wallis v. Pan American Petroleum Corp., 384 U. S. 63, 68 (86 SC 1304, 16 LE2d 369). The United States Supreme Court has unanimously held, insofar as we know, that *the relationship between a serviceman and the federal government is to be governed by federal law, not state law.* United States v. Standard Oil Co., 332 U. S. 301, 305 (67 SC 1604, 91 LE 2067). In Wissner v. Wissner, 338 U. S. 655 (70 SC 398, 94 LE 424), the deceased had designated his mother as a beneficiary under a policy of insurance pursuant to the National Service Life Insurance Act of 1940. Upon his death, his widow claimed a part of the proceeds under the California community property law. The court held for the mother, declaring that the state law could not be given effect, stating that the Act was the Congressional method of affording a *uniform* and comprehensive system of life insurance for members and veterans of the armed forces of the United States. In Woodward v. United States, 341 U. S. 112 (71 SC 605, 95 LE 806), the

court held that an adopted brother could take as a beneficiary under the 1940 Act, *without regard for state law.* In United States v. Zazove, 334 U. S. 602, 611 (68 SC 1284, 92 LE 1601), the court said that such an insurance statute *"is an expression of legislative intent* rather than the embodiment of an agreement between Congress and the insured person. Only the intent of Congress, which in this case is the insurer, need be ascertained to fix the meaning of the statutory terms; the layman understanding of the policy holder does not have the relevance here that it has in the construction of a commercial contract." In United States v. Oregon, 366 U. S. 643, 648 (81 SC 1278, 6 LE2d 575), it was held that a federal statute, providing that the estate of a veteran who died in the veteran's hospital vested in the United States was controlling as against an Oregon law providing that his property would escheat to the state. In *Davenport v. Servicemen's Group Life Ins. Co.,* 119 Ga. App. 685, 688 (168 SE2d 621), the Court of Appeals held: "However, where state law conflicts with the right granted by Congress to a serviceman to name in the first instance a beneficiary of his own choosing, state law must yield. Const. Art. XII, Sec. I, Par. I (*Code Ann.* § 2-8001); *Gainey v. Bank of Thomasville,* 176 Ga. 736 (168 SE 877); *O'Malley v. Wilson,* 182 Ga. 97, 109 (185 SE 109)." The fact, that the definitions in *federal employees'* congressionally authorized insurance policies contain the same provisions as to the meaning of "child or children," does not necessarily mean that the same terms in an *armed serviceman's insurance policy* mean the same. We have held, as the Court of Appeals has, that armed servicemen's policies are construed under federal law. The only point blank state authority against what we here rule is *Dobyns v. Prudential Ins. Co.,* 227 Ga. 253, supra. Our ruling in that case should be overruled because federal law applies in such a case instead of the rule in a federal employee's policy, as we held. While we are not bound by any federal cases except those from the Supreme Court, where there is a conflict in lower federal court decisions as to whether an illegitimate takes under the term "child," a case which refused to deny the right to an illegitimate should be followed by this court as controlling in the absence of a Supreme Court decision so holding, *where the Supreme Court denied a certiorari in such case.* Metropolitan Life

Ins. Co. v. Thompson, 368 F2d 791 (CA3d 1966). However, Supreme Court decisions apply federal law in cases involving servicemen's insurance policies as shown above.

The Georgia cases cited by the majority opinion are not controlling on Federal questions. Seaboard A. L. R. v. Kenney, 240 U. S. 489, supra, is not authority for the proposition for which it is cited. There the Supreme Court of the United States was construing the Federal Employers' Liability Act. The court, in deciding whether the Act was intended to have a uniform application in all states, decided that it did not so intend because to do so would attribute to Congress the intent to create uniformity on one subject by *"producing discord and want of uniformity as to many others."* Every reasonable consideration of the law involved in this case points to an unquestioned intention to provide uniformity among all of the States of the Union. De Sylva v. Ballentine, 351 U. S. 570, supra, is not applicable to the facts in this case. That case simply said that the question of who should inherit property depended upon the law of the state where the parties lived, a matter traditionally left to state law in matters where there is no overriding congressional purpose to make a federal law uniform in all states. In Metropolitan Life Ins. Co. v. Thompson, 368 F2d 791, 794, supra, the court said: "Whether the same reasoning would be employed today to exclude a New York author's illegitimate child from copyright renewal rights does not require our speculation. For however appropriate it may be to follow state laws of inheritance where the problem is essentially one of passing accumulated wealth to succeeding generations, *we think it reasonable to infer here that Congress intended the distribution of proceeds of term insurance to provide a substitute source of income for that lost by the insured's death.* Therefore, the De Sylva case which involved a different Act with different purposes does not control the resolution of the present problem of statutory construction." (Emphasis supplied.) In the Thompson case, certiorari was denied by the Supreme Court of the United States. If this court is going to wait until the Supreme Court grants a certiorari in such a case and expressly rules that what I am contending for is correct by an express and final decision, it will be a long time before the question in this case is settled in Georgia. However, the answer

will be quick if this case is brought to the Supreme Court by the respondent, in my opinion.

In Levy v. Louisiana, 391 U. S. 68, 70 (88 SC 1509, 20 LE2d 436), a Louisiana statute, which denied wrongful death recovery for the death of the mother to illegitimate children, was held unconstitutional as a denial of equal protection. The court declared: "We start from the premise that illegitimate children are not 'nonpersons.' They are humans, live, and have their being. They are clearly 'persons' within the meaning of the Equal Protection clause of the Fourteenth Amendment. While a State has broad power when it comes to making classifications, . . . it may not draw a line which constitutes an invidious discrimination against a particular class. . . Why should the illegitimate child be denied rights merely because of his birth out of wedlock? He certainly is subject to all the responsibilities of a citizen, including the payment of taxes and conscription under the Selective Service Act. How under our constitutional regime can he be denied correlative rights which other citizens enjoy? Legitimacy or illegitimacy of birth has no relation to the nature of the wrong allegedly inflicted on the mother. These children, though illegitimate, were dependent on her; she cared for them and nurtured them; they were indeed hers in the biological and in the spiritual sense; in her death they suffered wrong in the sense that any dependent would. We conclude that it is invidious to discriminate against them when no action, conduct, or demeanor of theirs is possibly relevant to the harm that was done the mother." (Under *Code Ann.* § 105-1306 (Ga. L. 1887, pp. 43, 45; as amended by Ga. L. 1960, pp. 968, 969), a dependent illegitimate has the right to sue for a tortious injury to or death of his or her mother.)

The judgment of the Court of Appeals is correct and should be affirmed.