## Lubish v. Hawkins and Prudential Insurance Company

*Mary Ann Dell'uva*, for plaintiff.
*James G. Watt*, for garnishee.

GRIFO, J., October 18, 1971.—Charles Hawkins, defendant herein, and Joyce Hawkins Lubish, plaintiff herein, were man and wife. They became divorced, and plaintiff remarried. Incident to the divorce and by order of court dated December 11, 1957, defendant was directed to support the issue of the marriage between plaintiff and defendant. As of February 23, 1971, defendant was in arrears under said order of support in the amount of $9,062.

One of the issue of the marriage was Charles Hawkins, Jr., who, while a member of, and on assignment for, the United States Air Force, was killed on October 2, 1970. Among the assets of Charles Hawkins, Jr., was a Serviceman's Group Life Insurance Policy-Group 32000 (hereinafter referred to as SGLI), with a face value of $15,000. The policy was issued by the Prudential Insurance Company of America, garnishee in this action, pursuant to Public Law 89-214, 38 U.S.C., §765, et seq. This statute establishes a government-guaranteed, but privately administered, group life insurance plan for servicemen. Section 770(a) of the statute provides for the disposition of insurance proceeds as follows:

"Any amount of insurance under this subchapter

in force on any member or former member on the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received in the uniformed services prior to such death;

"Second, if there be no such beneficiary, to the widow or widower of such member or former member;

"Third, if none of the above, to the child or children of such member or former member and descendants of deceased children by representation;

"Fourth, if none of the above, to the parents of such member or former member or the survivor of them."

Inasmuch as no evidence of a designated beneficiary was discovered, the garnishee paid to plaintiff-mother the amount of $7,500, or one-half of the total benefits payable under Charles Hawkins, Jr.'s SGLI policy. The garnishee then began processing defendant-father's claim for the remaining one-half of the proceeds.

Plaintiff caused judgment to be entered on the aforementioned arrearages and attached the remaining proceeds of the policy of Charles Hawkins, Jr., deceased, in the hands of garnishee, Prudential Insurance Company of America.

In its answers to interrogatories in attachment and new matter, the garnishee, in accord with rule 1275(b) of the Pennsylvania Rules of Civil Procedure, set up Public Law 91-291, 38 U.S.C., §770(g), which provides:

"(g) Payments of benefits due or to become due under Servicemen's Group Life Insurance made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claims of creditors,

and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to (1) collection of amounts not deducted from the member's pay, or collected from him by the Secretary concerned under section 769(a) of this title, (2) levy under subchapter D of chapter 64 of the Internal Revenue Code of 1954 (relating to the seizure of property for collection of taxes), and (3) the taxation of any property purchased in part or wholly out of such payments."

It is the position of the garnishee that plaintiff does not have a right to attach the funds of Charles Hawkins, father of decedent, since such action is not permitted by P. L. 91-291, supra.

In her answer to new matter, plaintiff denies that Public Law 91-291, supra, grants an immunity or exception to attachment. It is the position of plaintiff that defendant is not a "beneficiary" within the meaning of subsection (g) of Public Law 91-291, supra, in that defendant would be entitled to the proceeds of the SGLI policy in lieu of a beneficiary and not as the "beneficiary" pursuant to Public Law 89-214, 38 U.S.C.A. §770(a), supra. Plaintiff further maintains that by the very words of section 770(a), "if there be no such beneficiary," Congress has excluded defendant from the category of persons it wishes to protect under section 770(g) and that, therefore, the instant case is to be governed by the law of the Commonwealth.

The matter is before this court on the issue of whether the funds in the hands of the garnishee are subject to attachment.

## DISCUSSION

While we agree that there are instances in which issues involving SGLI are governed by State law, that

is not the case here. We are not here concerned with the question of whether or not a particular individual is rightfully within a named class of beneficiaries: Davenport v. Servicemen's Group Life Insurance Co., 119 Ga. App. 685, 168 S. E. 2d 621 (1969); United States v. Foster, 238 F. Supp. 867 (E. D. Mich., 1965). Rather, what is here involved is the direct construction of a Federal statute. It is axiomatic that congressional intent is the guidepost to judicial interpretation of Federal statutes: Stribling v. United States, 419 F.2d 1350, 1352 (8th Cir., 1969); Sinclair Refining Co. v. Atkinson, 370 U.S. 195, 8 L.Ed.2d 440 (1962). State law cannot override the words and intent of a Federal statute: Patton v. Fidelity Philadelphia Trust Co., 246 F. Supp. 1015 (E. D. Pa., 1965).

There are two sources that provide congressional intent in this regard: One lies in the legislative history of SGLI; the other lies in recourse to the words of the statute themselves. Taken together, these sources amply illustrate that plaintiff's position is untenable.

Plaintiff's argument is based upon an untenable construction of Public Law 89-214, 38 U.S.C.A., §770(a) and (g), supra. Plaintiff reasons that by use of the words "if there be no such beneficiary" Congress has drawn an important distinction between beneficiaries who take by specific designation of the insured and persons who take by operation of the statute in the absence of such specific designation.

In sum, plaintiff maintains that only designated beneficiaries are "beneficiaries" and that those persons who take by operation of the statute are something less than or different from "beneficiaries"; and that, therefore, Congress has excluded this latter class of persons, of which defendant is one, from the protection of the exemption provided by subsection (g). With this, we cannot agree.

Legislative history of section 770 discloses the Veterans Administration, the agency primarily concerned with administering the SGLI program, does not subscribe to plaintiff's position. In United States Code Congressional and Administrative News, vol. 2 (1965), at page 3235, is set forth a letter from W. J. Driver, Administrator of the Veterans Administration, to the Hon. Olin E. Teague, Chairman of the Committee on Veterans' Affairs of the House of Representatives, enclosing the Veterans Administration detailed analysis of Senate Bill 2127, which analyzes and interprets section 770(a). This letter states in part:

"If the designated beneficiary does not survive the insured, or if the insured did not designate a beneficiary, the indemnity would be payable to the first eligible class of BENEFICIARIES (emphasis supplied) among those named above . . . Any installments not paid to a beneficiary during his lifetime would be paid to the designated contingent beneficiary, if any; otherwise to the next eligible class of BENEFICIARIES (emphasis supplied) listed."

United States Code, Congressional and Administrative News, supra, at 3636. It is apparent that the Veterans Administration regards those persons taking under the statutory scheme of distribution as "beneficiaries" with status equal to that of designated beneficiaries. This view is bolstered by the fact that none of the cases which have come to our attention concerning disposition of SGLI proceeds draw the distinction advanced by plaintiff.

Finally, recourse must be had to the words of section 770(a) themselves. In the last analysis, plaintiff's position depends on the import to be assigned to a single word: "such." Webster's Third New International Dictionary (1969) defines "such" as follows:

"*Adj.:* Having a quality already or just specified; of the character, quality, or extent previously indicated or implied; of the same class, sort, or type."

Plaintiff would have us believe that Congress, by describing "beneficiary" with the adjective "such," intends to distinguish designated beneficiaries from all other categories of takers. This construction strains the bounds of both common meaning and common sense. The more natural construction is that if there be no beneficiary of the class just specified (i.e., designated in writing by the insured), then to other categories of beneficiaries in order of statutory precedence. There is no basis for according so insignificant a word as "such" the great import which plaintiff ascribes to it.

Nor are we persuaded by plaintiff's argument that had Congress intended to protect nondesignated takers under section 770(g), it would have used more specific language. The converse of that proposition is infinitely more reasonable, that had Congress intended to exclude nondesignated takers from the protection of section 770(g), it would have used more specific language to that effect.

Finally, to uphold plaintiff's position would be to destroy an important policy of the SGLI program. The program exemplifies a strong national policy of concern for uniformed servicemen and the welfare of their families: Shannon v. United States, 417 F.2d 256, 263 (5th Cir., 1969). Plaintiff's construction would unduly discriminate against and penalize the families of servicemen who neglect to designate by nullifying the protection of section 770(g). We cannot believe that Congress intended such a result. To so hold would be to effectively rewrite the statute in the face of clear congressional intent to the contrary.

Accordingly, the court enters the following

## ORDER OF COURT

And now, to wit, October 18, 1971, the attachment of the funds in the hands of Prudential Insurance Company of America, garnishee herein, is hereby dissolved, and Prudential Insurance Company of America is released as garnishee in attachment.