37176, 37177. WOODES v. MORRIS; and vice versa.

CLARKE, Justice.

This is an appeal from the dismissal of a petition for twelve months support filed by Sadie Mae Woodes for her son, Larry Junior Woodes. It is alleged that Larry Woodes, a minor, is the illegitimate child of Sam Hayden who died intestate leaving no widow or other minor children.

Ida Mae Morris and L. A. Price, sisters of the deceased Mr. Hayden, filed a Petition for No Administration Necessary, claiming that they were the only heirs at law of Hayden. Caveats to the petition were filed by Sadie Mae Woodes for Larry Woodes and by Curtis Lytle, who purports to be the illegitimate adult son of Hayden. In addition, a petition for twelve months support was filed by Ms. Woodes for Larry Woodes alleging that the deceased had formally acknowledged paternity and was supporting his minor child, Larry Woodes, at the time of his death. Ms. Morris filed a caveat to this petition on the ground that Larry Woodes, an illegitimate child, who

was not an heir at law pursuant to Code Ann. § 113-903, was prohibited from inheriting by Code Ann. § 113-904 and therefore had no standing to file a petition under Code Ann. § 113-1002.[1]

Ms. Woodes attacked the constitutionality of Code Ann. § 113-904 which prohibits an illegitimate child from inheriting unless such right is given by express law. At the time these actions were filed, the only recognized legitimation was a petition brought by the father under Code Ann. § 74-103.

The probate court held that since there had been no petition by the father to legitimate under Code Ann. § 74-103, Larry Woodes was not entitled to support from the estate of Hayden. He further found that Code Ann. § 113-904 was constitutional and controlling and sustained the caveat of Ida Mae Morris.

Woodes appealed to the Superior Court of Hall County and Morris filed a motion for summary judgment based on Code Ann. § 113-904. In response to the motion, Woodes again raised the constitutionality of Code Ann. § 113-904. The court found that Code Ann. § 113-904 (as it existed prior to the 1980 amendment) when read in conjunction with Code Ann. § 74-104 as it was applied in *Pettiford v. Frazier,* 226 Ga. 438 (175 SE2d 549) (1970), was unconstitutional as violative of equal protection and due process as guaranteed by the Fourteenth Amendment to the United States Constitution, relying on Trimble v. Gordon, 430 U. S. 762 (97 SC 1459, 52 LE2d 31) (1977).

Since Code Ann. § 113-904 was the sole basis of Ms. Morris' motion for summary judgment, the motion was denied; the court states there was sufficient evidence to show that Larry Woodes was the son of the deceased. However, the petition for support was dismissed on the ground that Woodes failed to serve the Attorney General pursuant to Code Ann. § 110-1106, which requires such service in certain cases wherein a law of the state is alleged to be unconstitutional.

Woodes has filed an appeal from the dismissal for failure to comply with Code Ann. § 110-1106. Morris has filed a cross appeal from the judgment holding Code Ann. § 113-904 to be unconstitutional.

The sole issue adjudicated by the probate and superior court in

---

[1] (a)  Code Ann. § 113-903 defines the rules of inheritance and the degrees of heirs at law.

(b)  Code Ann. § 113-904 provides that illegitimates have no inheritable blood except that expressly provided for by law. Since the filing of this action in the probate court, this section was stricken and amended in Ga. L. 1980, p. 1432.

(c)  Code Ann. § 113-1002 provides for year's support as a necessary expense of the administration of estates.

this case, and therefore the only issue before this court, is whether the petition for twelve months support filed on behalf of Larry Woodes was subject to the caveat of Morris on the ground that he was not an heir at law.

The probate court held that if the petitioner for support did not meet the requirements of Code Ann. § 113-904 as interpreted in *Pettiford v. Frazier,* 226 Ga. 438, supra, he had no right to apply for support under Code Ann. § 113-1102. The superior court also proceeded on the basis that qualifying as an heir under Code Ann. § 113-904 was a prerequisite to a petition for twelve months support. We find that the right of the minor child for twelve months support is not controlled by Code Ann. § 113-904, and therefore that law could not be the basis of a caveat by Morris in the probate court.

The Georgia provision for year's support has been said to be a branch of the statutes of distribution, and it is also termed a debt on the estate in favor of a widow and dependent children. *Grant v. Sosebee,* 169 Ga. 658 (151 SE 336) (1929). The purpose of the statute is "to provide a support for a limited period for those members of the family whom deceased was, while in life, legally bound to support." *Goss v. Harris,* 117 Ga. 345, 348 (43 SE 734) (1903). The question of whom the deceased is bound by law to support is not answered by a determination of his heirs at law. In *Edwards v. Addison,* 187 Ga. 756, 761-762 (2 SE2d 77) (1938), Justice Duckworth stated: "The 'ordinary law of distribution' and the law governing a year's support are entirely distinct and independent. The year's support statute prescribes those who are to benefit thereunder, and the ordinary rules of inheritance designate the heirs of a decedent. Neither is dependent upon the other . . . we do not think that the statute of distributions determines who are entitled to a year's support."

Prior to his death, Hayden had acknowledged his paternity of Larry Junior Woodes under oath pursuant to the Child Support Recovery Act. Code Ann. Chapter 99-9B. The acknowledgment signed on July 21, 1977, recognizes Larry Junior Woodes as his issue and acknowledges his legal obligation to support the minor child. Hayden's payment for support began in 1977 and continued to the time of his death. Section 99-917b of the Child Support Recovery Act provides in part: "(a) Whenever a man has been adjudicated by a court of competent jurisdiction as the father of a child born out of wedlock, or whenever he has acknowledged paternity under oath in an administrative hearing, in court, or by verified writing, he shall be legally liable for the support of said child in the same manner as he would owe the duty of support if such child were his legitimate child. The right of the child born out of wedlock to receive such support is enforceable in a civil action, notwithstanding any other provision of

law."

The hinge upon which the right of a year's support hangs is the legal obligation to support during the life time of the deceased. The granting of a year's support is an extension of that obligation beyond the life of the person so obligated thereby creating a debt of the estate as a necessary expense of administration. It is clear from a reading of the applicable statutes that at the time of his death Hayden was legally obligated to support his minor child, Larry Woodes. That obligation had been continuously recognized for two years preceding death without challenge by the deceased. Under Code Ann. § 113-1002 his estate is subject to the debt of year's support.

Since we hold that Code Ann. § 113-904 is not applicable to that portion of the proceedings which was adjudicated in the probate and superior courts, we find this is not an appropriate case for deciding the constitutionality of that law.

The trial court erred in ruling that Code Ann. § 113-904 applied to the facts of this case. Consequently, it was unnecessary to reach the constitutionality of the law. We do not reach the merits of the constitutional claim but affirm the denial of the motion for summary judgment of Ida Mae Morris on the ground that she has shown no factual basis for disputing the claim of Larry Woodes for year's support.

Even if the constitutionality of the law were at issue below, an appeal from the probate court challenging the constitutionality of the law would not require service on the Attorney General under Code Ann. § 110-1106. This section is applicable to declaratory judgment proceedings and not to appeals to the superior courts. See *Daniel v. Federated Nat. Mtg. Assn.,* 231 Ga. 385 (202 SE2d 388) (1973). Therefore, it was error for the trial court to dismiss the support petition of Sadie Mae Woodes on behalf of Larry Woodes.

*The judgment in Case No. 37176 is reversed; the judgment in Case No. 37177 is affirmed. All the Justices concur.*

DECIDED JULY 7, 1981.

*William K. Broker, Mary R. Carden, John L. Cromartie, Jr.,* for appellant.

*Sartain & Carey, W. Allan Myers, Arthur K. Bolton, Attorney General,* for appellee.