**BERRYHILL v. UNITED STATES et al.**

No. 11473.

United States Court of Appeals
Sixth Circuit.

Oct. 16, 1952.

Pierce Winningham, Jr., Jackson, Tenn. (Waldrop, Hall & Winningham, Jr., Jackson, Tenn., on the brief), for appellant.

William E. Leech, Jackson, Tenn., H. Carmack Murchison, Jackson, Tenn., on the brief, for appellee, Shirley Louise Bradley.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

MILLER, Circuit Judge.

Following his induction into active military service in the United States Army, Herbert L. Bradley applied for and was issued National Service Life Insurance, Sec. 801 et seq., Title 38 U.S.Code Annotated, in the amount of $10,000 effective December 1, 1942, under which his father H. Lochridge Bradley was designated as the principal beneficiary, and the appellant, Mary Frances Bradley (now Mary Frances Berryhill), as contingent beneficiary. Mary Frances Bradley was the foster sister of the insured. The insurance was in full force and effect on July 4, 1944, the date on which the death of the insured occurred. Monthly payments under the policy were thereafter paid by the United States to the insured's father up to the time of his death on June 30, 1947. Thereafter the appellant filed a claim with the Veterans Administration in the capacity of contingent beneficiary.

The wife of H. Lochridge Bradley died on September 24, 1938 and in December 1939 he married the appellee Louise Brasher Bradley. There was one child by this marriage, Shirley Louise Bradley, also an appellee herein, who was born on October 27, 1940 and thus became a half sister of the blood of Herbert L. Bradley, the insured. Following the death of the insured's father, Louise Brasher Bradley filed a claim with the Veterans Administration for the remainder of the proceeds of the policy, and a claim was also filed with the Veterans Administration on behalf of the minor half sister, Shirley Louise Bradley.

Following a ruling of the Veterans Administration denying the claim of the appellant and upholding the claim of appellee, Shirley Louise Bradley, the appellant brought this action in the District Court pursuant to the provisions of Sec. 817, Title 38 U.S.Code Annotated, in which she claimed the remaining proceeds payable under the policy by virtue of being the designated beneficiary therein, and also as having stood in loco parentis to the insured. The United States, by its answer, assumed the position of a stake holder. Louise Brasher Bradley and the guardian ad litem for Shirley Louise Bradley denied the claim of the appellant and claimed that the remaining proceeds should be paid to Shirley Louise Bradley, as previously ruled by the Veterans Administration. The District Court held that the appellant, being a foster sister, was not a "sister" within the meaning of the National Service Life Insurance Act and was not a person who could, under the law, be named a beneficiary, Sec. 802(g), Title 38 U.S.Code Annotated, unless she was a person who stood in loco parentis to the insured, Sec. 801 (f), Title 38 U.S.Code Annotated, and that it was not made to appear from the evidence that she stood in such a position. A judgment was entered on January 17, 1951 which denied the claim of the appellant and adjudged that Shirley Louise Bradley should recover the monthly installments accruing and payable from the date of the death of the insured's father. No appeal was taken by the appellant from this judgment.

At the time of this ruling, The Court of Appeals for the Third Circuit had decided in Carpenter v. United States, 168 F.2d 369, 3 A.L.R.2d 841, that an adopted brother or sister was a person who could be lawfully designated as a beneficiary under the Act. The Court of Appeals for the Eighth Circuit had decided in Woodward v. United States, 185 F.2d 134, that an adopted brother was not a permissible beneficiary under the Act. The District Judge in his opinion did not refer to either of these cases. On April 23, 1951, several months after the judgment in this case, the Supreme Court reversed the ruling in Woodward v. United States, supra, holding that a brother by adoption was a permissible beneficiary under the Act. Woodward v. United States, 341 U.S. 112, 71 S.Ct. 605, 95 L.Ed. 648.

On June 28, 1951, the appellant filed in the District Court a motion to set aside the judgment of January 17, 1951 and asked that the Court enter in lieu thereof a judgment in accordance with the prayer of her original complaint, or in the alternative that the cause be restored to the docket

for such further action as the Court might direct. This motion was filed pursuant to the provisions of Rule 60(b) of the Rules of Civil procedure, particularly subsections 5 and 6 thereof, which in substance provide that the Court may relieve a party from a final judgment if, subsection 5, "a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;" or, subsection 6, "any other reason justifying relief from the operation of the judgment." The appellee, Shirley Louise Bradley, moved the Court to strike or dismiss the motion. The District Judge overruled appellant's motion, from which ruling this appeal was taken.

 We are of the opinion that the judgment in this case was not "based" upon a prior judgment which has been reversed or otherwise vacated within the meaning of subsection 5 of Rule 60(b). The ruling of the Court of Appeals for the Eighth Circuit in Woodward v. United States, supra, was not controlling upon the District Judge, sitting in a different circuit, and the record does not show that the District Judge "based" his ruling upon the decision in that case. With the conflicting rulings of the Third and Eighth Circuits before him, each persuasive only, the District Judge ruled in accordance with his own view of the applicable law. Certainly it was not the purpose of the rule to permit a final judgment to be set aside whenever thereafter any case from another jurisdiction involving the same question and decided the same way is later reversed by an Appellate Court. If such was the rule, so-called final judgments would lose most of their finality.

Nor do we think that this case is one where "it is no longer equitable that the judgment should have prospective application" or that some other reason exists "justifying relief from the operation of the judgment."

Appellant's rights were fully protected by her right of appeal. She elected not to do so. This was a free and deliberate choice. Under somewhat similar circumstances even more favorable to the applicant, the Supreme Court has ruled that relief under Rule 60(b) was properly denied. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207. Appellant relies strongly upon the earlier case of Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, in which the Supreme Court granted relief under Rule 60(b). But as pointed out in the opinion in the Ackermann case, which discussed and distinguished the Klapprott case, "The Klapprott case was a case of extraordinary circumstances." [340 U.S. 193, 71 S.Ct. 212.] No such extraordinary circumstances exist in the present case. The motion to vacate the judgment states no reason for not taking an appeal. It appears to be the settled rule that a change in the judicial view of the applicable law, after a final judgment, is not a basis for vacating a judgment entered before announcement of the change. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Scotten v. Littlefield, 235 U.S. 407, 35 S.Ct. 125, 59 L.Ed. 289; United States v. Kunz, 2 Cir., 163 F.2d 344; Lehman Co. v. Appleton Toy & Furniture Co., 7 Cir., 148 F.2d 988.

The judgment of the District Court is affirmed.