STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM H. CROLAND AND MARVIN ZALK, DEFEND-
ANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued September 19, 1960—Decided September 30, 1960.

Before Judges CONFORD, FOLEY and MINTZ.

*Mr. Walter D. Van Riper* argued the cause for defendant-appellant Croland (*Messrs. Van Riper and Belmont,* attorneys).

*Mr. Brendan T. Byrne,* Essex County Prosecutor, argued the cause for plaintiff-respondent.

The opinion of the court was delivered by

CONFORD, J. A. D.   The defendant Croland moved before the Essex County Court for an order setting aside his conviction on an indictment for fraudulent misapplication of the moneys of the C. J. Simons Corporation in violation of *N. J. S. 2A:102–3.* Upon denial, he appeals.

Croland and one Marvin Zalk had been indicted jointly for the same offense and both were convicted. Zalk appealed and obtained a reversal and judgment of acquittal by this court on the reasoning that since the evidence showed Croland innocent of any fraudulent intent towards the C. J. Simons Corporation, Zalk, having been indicted on the theory of aiding and abetting Croland, could not be held to be guilty. *State v. Croland,* 54 *N. J. Super.* 594 (*App. Div.* 1959). Although Croland had not appealed the judgment, he filed the present motion upon the rendition of the appellate determination as to Zalk, relying upon the expression of view in the opinion that he (Croland) was innocent of the offense.

As the Appellate Division judgment was pending before the Supreme Court on petition for certification, however, prosecution of the motion was held in abeyance to await the determination of the Supreme Court.

The Supreme Court granted certification, 30 *N. J.* 150, and, after argument, affirmed the judgment of the Appellate Division, but upon a different ground. 31 *N. J.* 380 (1960). The court found that Zalk was without knowledge that the officer of the corporation who issued the checks for the disbursements in question had not authorized or did not know of the payments represented thereby. The court made this observation (at *p.* 384) as to the Croland phase of the case:

"Another circumstance must be referred to again. Croland did not appeal from the verdict of his guilt and the time for taking such action has long since expired. After conference with counsel, he decided to accept the judgment and to be bound by it. On the thesis we have expounded, it was not necessary for the Appellate Division to consider the problem of whether the proof adduced at the trial was sufficient to support a finding of violation by him of the statute on which the indictment was predicated. Accordingly, we express no opinion on that subject."

At the argument on the present appeal we inquired concerning the "conference with counsel" mentioned in the foregoing excerpt. We were informed by Croland's counsel that a number of other indictments were pending against him on the basis of other similar disbursements by the Simons Corporation and that Croland, who apparently had been a respected business man in the community prior to these transactions, felt that an unsuccessful appeal and continued resistance to the other indictments (to which he had pleaded "not guilty") would eventuate in a jail sentence. Not wishing to risk this outcome, he changed his plea on the other indictments to "guilty," refrained from appeal and was given a suspended sentence on the conviction. (Although the trial court denied the motion to set aside the instant conviction, it granted defendant leave to change his pleas on the other indictments to "not guilty.")

The defendant's present motion and appeal are based upon the narrow ground that the expression as to Croland's innocence by this court in its opinion on the *Zalk* appeal represents a judicial "finding" as to Croland's innocence which has been left undisturbed by the Supreme Court and therefore automatically requires the vacation of the judgment of conviction. We are of the view that the County Court was on sound ground in rejecting this contention. Our determination as to Croland's innocence was clearly not an adjudication legally operative upon the judgment of conviction of Croland. It was but the finding of a fact integral to the minor premise of the syllogism by which we reasoned Zalk's innocence. It was bereft even of its continuing status as a finding in that sense by the manner of disposition of the *Zalk* appeal by the Supreme Court, and it thus reposes in the books as of no more authority than an *obiter dictum* of law in an opinion. So regarded, it was not binding on the County Court on the instant application.

Notwithstanding the foregoing, a broader question is presented in terms of fundamental justice to this defendant. Is it consonant with the basic right of the matter or with ordinary concepts of seemliness that this man should stand the rest of his days a convicted criminal alongside a declaration of his innocence inscribed by this court upon the public records? And this whether the latter be technically regarded as *dictum* rather than adjudication? Should the fact and the last judicial expression not be made to accord, one way or the other? The answer, in all the attendant circumstances, is not an easy one. We find no precisely apposite precedent. Compare *Ackermann v. United States,* 340 *U. S.* 193, 71 *S. Ct.* 209, 95 *L. Ed.* 207 (1950) ; *Klapprott v. United States,* 335 *U. S.* 601, 69 *S. Ct.* 384, 93 *L. Ed.* 266 (1949) ; *Berryhill v. United States,* 199 *F. 2d* 217 (6 *Cir.* 1952). And see *State v. Emery,* 27 *N. J.* 348 (1958), where the Appellate Division directed the filing of an appeal by a defendant from a conspiracy conviction during consideration of his appeal from a drunken driving conviction, the factual

bases of the convictions being inconsistent; the Supreme Court reversed the conspiracy conviction as "plain error" notwithstanding the defendant had refused, even after invitation by the court to do so, to make the point in the Appellate Division.

It appears to us, and we hold, that considerations of justice call for a remand so that the County Court can exercise its discretion on a broader basis than that first projected on the motion. That tribunal should re-examine the legal merits of Croland's conviction *de novo* upon the record of the trial testimony (none of which is set forth in the appendix on this appeal), without, of course, giving the opinion of this court in the *Zalk* appeal any binding effect but only such weight as it may appropriately be thought to deserve, as the considered viewpoint of an intermediate appellate court. If it concludes that the evidence did not justify the conviction, it should consider whether, in the light of other observations by the Supreme Court in the *Zalk* case, the matter should be retried rather than be concluded by a judgment of acquittal (31 *N. J.*, at *p.* 384).

As against any conclusion in favor of Croland in respect to the bare question of his guilt or innocence, the court should weigh the matter of public and judicial policy in entertainment of such a motion as this where there has been a deliberate failure to appeal in regular course. *Cf. Petrolia v. Pinto,* 61 *N. J. Super.* 596 (*App. Div.* 1960); but see *State v. Emery, supra.* Ought the failure to appeal be excused in these unique circumstances and in the light of the difficult practical problem faced by the defendant after conviction, referred to above? Defendant should be accorded an opportunity to present pertinent proofs as to the facts bearing upon this consideration. As to the competing policy considerations of finality in adjudications and the doing of ultimate justice in the particular case, see *Hodgson v. Applegate,* 31 *N. J.* 29, 43 (1959).

The absence of a specific rule of court authorizing the procedure here taken by defendant should not of itself bar

relief otherwise warranted in the interests of justice. *Janiec v. McCorkle,* 52 *N. J. Super.* 1, 16 (*App. Div.* 1958) ; *R. R.* 3 :11–9.

Reversed and remanded to the Essex County Court for further proceedings consonant with this opinion.