12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TIMMY S., et al, Plaintiffs-Appellees, Cross-Appellants.
v.
KENTUCKY CABINET FOR HUMAN RESOURCES, et al,
Defendants-Appellants, Cross-Appellees.
 Nos. 92-6485, 92-6486.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 Before: KEITH, GUY and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Kentucky Cabinet for Human Resources ("CHR"), appeals a district court judgment awarding attorney's fees to the Howards, and denying its Rule 60(b)(5) motion. Plaintiff-Appellees, Timmy and Dolores S., cross-appeal the district court's denial of attorney's fees. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 The history and facts of this case are summarized succinctly in Timmy S. v. Stumbo, 916 F.2d 312, 313-14 (6th Cir.1990). This appeal requires only a brief outline of the facts. The action commenced with a suit filed on behalf of Timmy S., a seven-year old and a ward of the State of Kentucky, Dolores S., his biological mother, and Sharon and Hubert Howard, the foster parents with whom he resided. In 1980, Timmy S. was mentally retarded, emotionally disturbed, autistic and suffered from epileptic seizures. Dolores S. can not hear or speak.
 
 
 3
 Pursuant to the Federal Adoption Assistance and Child Welfare Act of 1980, the Howards, Timmy S., and Dolores S. alleged CHR violated their due process rights under the Fourth Amendment and state law by failing to provide Plaintiffs adequate procedures to challenge CHR's denial of state and federally-secured benefits and services. This Court affirmed the district court's grant of partial summary judgment to both parties finding foster parents had a due process right to an administrative hearing and CHR was not required to give notice of a right to judicial review. This Court also affirmed the grant of an injunction prohibiting CHR from excluding foster parents from its procedural hearings.
 
 
 4
 On remand to the district court, the Plaintiffs petitioned for an award of attorney's fees pursuant to 42 U.S.C. Sec. 1988. The magistrate recommended that the district court find that Plaintiffs, the Howards, Timmy and Dolores S., were "prevailing parties" and award attorney's fees. The district court denied an award of attorney's fees to Timmy and Dolores S. and awarded attorney's fees to the Howards. The Plaintiffs sought reconsideration of the district court's order and CHR filed a motion to alter or amend the district court's order; both were denied. CHR also filed a Rule 60(b)(5) motion requesting relief from judgment. The district court denied the motion. This timely appeal followed.
 
 
 5
 CHR argues the district court correctly denied attorney's fees to Timmy and Dolores S., but erred in finding the Howards were "prevailing parties" and awarding attorney's fees. Additionally, CHR asserts the district court erroneously denied its Rule 60(b)(5) motion. The Appellees state the district court correctly awarded the Howards attorney's fees but erred in denying Timmy and Dolores S. attorney's fees. We will discuss each allegation of error below.
 
 II.
 
 6
 CHR does not dispute the legal services claimed by the Plaintiffs or the amount of the attorney's fee award. Instead, CHR asserts the Plaintiffs are not "prevailing parties." Specifically, CHR argues the injunction did not materially affect the relationship between CHR and the Howards because the injunction applied only to "licensed" foster parents. CHR asserts that during the time the Howards cared for Timmy S., CHR had decertified the Howards, and therefore, the Howards did not qualify as "licensed" foster parents. Within the question of the Plaintiff's status as "prevailing parties," CHR indirectly raises the issue of standing. CHR argues the injunction affects only "licensed" foster parents, not foster children, biological parents or decertified foster parents, and thus, Timmy S., Dolores S. and the Howards remain unaffected by the injunction. Therefore, Plaintiffs lack standing and can not be "prevailing parties."
 
 
 7
 The district court reviewed de novo the magistrate's factual determinations as to which Plaintiffs were "prevailing parties." Because the injunction materially altered the relationship between CHR and foster parents, the lower court affirmed the magistrate's finding that the Howards were "prevailing parties" stating "the court has little difficulty finding that the Howards are prevailing parties. (Both this court [the District Court of the Eastern District of Kentucky] and the [Sixth Circuit] Court of Appeals considered the Howards to have standing as foster parents.)" R.117: Opinion and Order at 350-51. The district court also addressed the standing issue in denying the defendant's motion to reconsider the award. The court stated:
 
 
 8
 For this court and the Sixth Circuit to reach their decisions in this case, both courts must have determined, either explicitly or implicitly, that the Howards had standing to pursue the requested relief. Under the law of the case doctrine, a legal decision made at one stage of the litigation and unchallenged in a subsequent appeal becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time. Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C.Cir.1987). This not only includes a court's explicit decisions, but also those issues decided by necessary implication. Id.
 
 
 9
 R.129: Opinion and Order at 381. Thus, the earlier determination of standing was binding on the district court.
 
 A.
 1.
 
 10
 The law of the case doctrine applies to issues explicitly or implicitly decided in earlier stages of the same case. Earlier determinations should continue to govern the same issues during subsequent stages of the same case. Little Earth of the United Tribes, Inc. v. United States Dept. of Housing & Urban Dev., 807 F.2d 1433, 1438-41 (8th Cir.1986); Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C.Cir.1987). The district court explicitly stated that both the district court and this Court considered the standing issue. This Court affirmed the lower court's determination that the Howards had standing to commence this suit. This determination became the law of the case. This Court, therefore, reaffirms its finding that the Howards have standing to bring this suit.
 
 2.
 
 11
 In a Sec. 1983 civil rights claim, a "prevailing party," other than the United States, may recover reasonable attorney's fees. 42 U.S.C. Sec. 1988. The Supreme Court defined "prevailing party" as one who obtains some relief on the merits of his claim. Hanrahan v. Hampton, 446 U.S. 754, 757 (1980). The litigation must affect the defendant's behavior toward the plaintiff. Hewitt v. Helms, 482 U.S. 755, 761 (1987). This Circuit has defined a "prevailing party" as one who obtains a
 
 
 12
 substantial portion of the relief sought or succeeds on a significant issue ... or ... is found to be the 'catalyst' which causes the defendant to make significant changes in past practices, though no direct relief is obtained.
 
 
 13
 Loudermill v. Cleveland Brd. of Educ., 844 F.2d 304, 312 (6th Cir.), cert. denied, 488 U.S. 946 (1988), quoting Othen v. Ann Arbor Schl. Brd., 699 F.2d 309, 313 (6th Cir.1983); see also Johnston v. Jago, 691 F.2d 283, 286 (6th Cir.1982). Because the question of whether a litigant is a "prevailing party" is factual, this Court reviews for clear error. Johnston v. Jago, 691 F.2d 283, 286 (6th Cir.1982). The decision to award attorney's fees to "prevailing parties" pursuant to Sec. 1988 is within the discretion of the court. 42 U.S.C. Sec. 1988. Consequently, this Court reviews an award of attorney's fees for an abuse of discretion. Id.
 
 
 14
 We affirm the district court's determination that the Howards are "prevailing parties." The Howards alleged CHR violated their procedural due process rights by excluding foster parents from procedural hearings. The district court granted partial summary judgment to the Howards, ruling foster parents had a due process right to an administrative hearing and issuing an injunction enjoining the exclusion of foster parents from CHR's procedural hearings. The district court determined the Howards had obtained a substantial portion of the relief sought and that the litigation affected the relationship between CHR and the Howards. The district court's determination that the Howards are "prevailing parties," therefore, is not clearly erroneous and the award of attorney's fees to the Howards is not an abuse of discretion.
 
 B.
 
 15
 CHR argues Timmy and Dolores S. are not "prevailing parties" because the injunction issued by the district court enjoins CHR from excluding "foster parents," not foster children or biological parents, from its fair hearing procedures. Timmy and Dolores S. submit they are "prevailing parties" because they succeeded on a significant issue of the litigation which affected the relationship between CHR and foster children and their biological parents.
 
 
 16
 The district court originally held that the injunction materially affected the relationship between CHR and foster parents like the Howards by requiring due process hearings. R.117: Opinion and Order at 350. Because Timmy and Dolores S. were not foster parents, the district court denied them an award of attorney's fees. Id. at 351. On reconsideration, the district court affirmed its denial of attorney's fees. Id. at 382.
 
 
 17
 Before considering whether Timmy and Dolores S. may recover an award for attorney's fees, this Court first must determine whether Timmy and Dolores S. are "prevailing parties." The injunction specifically prohibits CHR from excluding foster parents from its proceedings. The injunction also arguably vindicates the interests of Timmy and Dolores S. by prohibiting the exclusion of foster parents; the standard, however, is whether the litigation affected the relationship between the parties. Hewitt v. Helms, 482 U.S. at 761. Neither the injunction nor the procedural changes by CHR, however, explicitly affect the relationship between CHR and foster children and their biological parents. Therefore, the district court did not clearly err in holding that Timmy and Dolores S. are not "prevailing parties," and its denial of attorney's fees to Timmy and Dolores S. was not an abuse of discretion.
 
 C.
 
 18
 CHR argues the district court erroneously denied its Rule 60(b)(5) motion for relief from judgment because the Supreme Court reversed the Seventh Circuit's decision in Suter v. Artist M., --- U.S. ----, 112 S.Ct. 1360 (1992). CHR argues the Supreme Court held the Adoption Assistance and Child Welfare Act of 1980 does not create an implied right of action, and therefore, the district court lacked subject matter jurisdiction to hear this case. The Howards submit that Rule 60(b)(5) only provides relief when the basis of a judgment has been reversed, otherwise vacated, or if an inequitable result occurs from the prospective application of the judgment.
 
 
 19
 In denying CHR's motion for relief from judgment, the district court stated that the prerequisites of Rule 60(b)(5) had not been met because the judgment (injunction) had not been satisfied, released, or discharged. R.128: Memorandum and Order at 383. No case law on which the district court or the Sixth Circuit based their decisions had been reversed, nor was there any showing that prospective application of the judgment would be inequitable. Id. at 379-80. The opinion went on to state "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from final judgment." Id. at 380 (citations omitted).
 
 
 20
 Rule 60(b)(5) provides relief from judgment where the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been revised or otherwise vacated, or it is no longer equitable that the judgment have prospective application." F.R.C.P. 60(b)(5). A district court's denial of a Rule 60(b) motion should not be disturbed unless the district court abused its discretion. Smith v. Secretary of Health & Human Servs., 776 F.2d 1330, 1332 (6th Cir.1985); Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). This Court must have a definite and firm conviction that the district court committed a clear error of judgment to find an abuse of discretion. Davis v. Jellico Comm. Hosp., Inc., 912 F.2d 129, 133 (6th Cir.1990). The First Circuit held an error in judgment as to the exercise of jurisdiction will not render a judgment void unless there is a clear usurpation of power. Lubben v. Selective Serv. System Local Brd. No. 27, 453 F.2d 645, 649 (1st Cir.1972).
 
 
 21
 The record of Timmy S. v. Kentucky Cabinet of Human Resources does not indicate that the district court or this Court relied on Suter v. Artist M., 917 F.2d 280 (1990), rev'd, --- U.S. ----, 112 S.Ct. 1360 (1992). CHR does not assert any basis for finding that prospective application of the injunction would be inequitable. Nor does the record reflect that a prior judgment upon which the district court or this Court relied has been revised or otherwise vacated. In addition, this Court explicitly held a change in decisional law after a judgment has been entered does not result in exceptional circumstances which require relief from judgment. Berryhill v. United States, 199 F.2d 217, 219 (6th Cir.1952). Because CHR failed to meet the prerequisites for Rule 60(b)(5), the district court's denial of CHR's motion is not an abuse of discretion.
 
 III.
 
 22
 For the foregoing reasons, we AFFIRM the order of the Honorable Henry R. Wilhoit, Jr., United States District Court Judge for the Eastern District of Kentucky, awarding the Howards attorney's fees and denying CHR's Rule 60(b)(5) motion.