RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 07a0120p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RALPHAEL OKORO,

*Plaintiff-Appellant,*

*v.*

No. 06-1816

JOHN HEMINGWAY, et al.,

*Defendants-Appellees.*

>

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 05-70269—Paul D. Borman, District Judge.

Submitted: January 30, 2007

Decided and Filed: April 3, 2007

Before: MARTIN, BATCHELDER, and McKEAGUE, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** Ralphael Okoro, Milan, Michigan, pro se.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge. Ralphael Okoro, proceeding pro se, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed. R. Civ. P. 60(b). This case has been referred to a panel of this Court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. See Fed. R. App. P. 34(a).

Okoro is an inmate housed at the Federal Correctional Institution in Milan, Michigan. In January, 2005, he filed a "mandamus complaint" against various prison officials, alleging that his constitutional rights had been violated by the defendants' enforcement of a policy that declared court documents to be contraband and required immediate destruction of such documents. On August 16, 2005 the district court dismissed Okoro's complaint without prejudice because he failed to plead exhaustion of his administrative remedies before filing the lawsuit. The district court also denied Okoro's motion for reconsideration. Okoro subsequently filed a motion to "Reinstate and Reopen" his complaint, which the district court construed as a 60(b) motion and subsequently denied. Okoro now appeals this 60(b) denial.

In its order dismissing Okoro's complaint, the district court relied upon the then-governing law of this Circuit, which interpreted the Prisoner Litigation Reform Act to require prisoner-litigants to plead that they had exhausted their available administrative remedies with respect to all of their claims and all named defendants before filing suit. This precedent has since been reversed by the Supreme Court. *Jones v. Bock*, 127 S. Ct. 910, 921, 923-25 (2007) (holding that (1) "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2) "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances"; and (3) where a complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims, rather than dismissing the complaint in its entirety).

Rule 60(b)(1) provides for relief from judgment in instances of "mistake, inadvertance, surprise, or excusable neglect," and governs instances where the mistake was based upon legal error. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). As *Jones* makes clear, the precedent of our Court, upon which the district court relied in dismissing Okoro's complaint, was a mistaken interpretation of the Prisoner Litigation Reform Act. Thus, in light of *Jones*, Okoro is entitled to relief from judgment under Rule 60(b)(1). We reverse the district court's dismissal of Okoro's complaint, and remand the case for further proceedings consistent with *Jones*.