NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0414n.06
Filed: June 19, 2007

No. 05-2296

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DONNIE OMAR WOGOMAN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOSEPH ABRAMAJTYS, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

**Before: COLE and McKEAGUE, Circuit Judges; and COHN, District Judge.**[*]

**AVERN COHN, District Judge**. This is a habeas case under 28 U.S.C. § 2254. Petitioner

Donnie Omar Wogoman ("Petitioner") appeals the denial of his Rule 60(b) motion. We granted

a certificate of appealability on the issue of "whether [Petitioner] is entitled to relief under Fed.

R. Civ. P. 60(b)(5) or (6) on the basis that the appellate decision on which his habeas petition

was dismissed has been overruled."[1] For the reasons that follow, we affirm.

---

[*]The Honorable Avern Cohn, United States District Judge for the Eastern District of
Michigan, sitting by designation.

[1]Prior to oral argument, Petitioner's counsel called to our attention the decision in *Okoro
v. Hemingway*, 481 F.3d 873 (6th Cir. 2007). In *Okoro*, we held that a plaintiff was entitled to
relief under Rule 60(b)(1) based on a subsequent Supreme Court decision which overruled
Circuit precedent regarding the exhaustion of administrative remedies pleading requirement in
prisoner civil rights cases. That case dealt with the application of Rule 60(b)(1), however, which
is not before us.

**I.**

Petitioner is a state prisoner serving a nonparoleable life sentence. He was convicted by a jury in 1993 of first degree felony murder, assault with intent to rob while armed, conspiracy to commit armed robbery, and possession of a firearm during the commission of a felony. Petitioner appealed, raising several issues. The Michigan Court of Appeals affirmed his convictions, *People v. Wogoman*, No. 173121 (Mich. Ct. App. July 5, 1996), and the Michigan Supreme Court denied leave to appeal. *People v. Wogoman*, 564 N.W.2d 43 (Mich. 1997). On April 23, 1998, Petitioner filed a motion for relief from judgment in the state court, raising a new issue not raised on direct appeal regarding the use of preliminary examination testimony. The trial court denied the motion. *People v. Wogoman*, No. C-93-0888 FC (Kalamazoo County Cir. Ct. July 17, 1998). Both the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal. *People v. Wogoman*, No. 213353 (Mich. Ct. App. Dec. 23, 1998); *People v. Wogoman*, 602 N.W.2d 389 (Mich. 1999).

On February 29, 1999, before receiving the decision denying leave to appeal from the Michigan Supreme Court, Petitioner filed a habeas petition, raising the claims presented to the state courts on direct review, but not the claim raised on collateral review as it was not a federal claim.[2] On July 7, 1999, Respondent filed a response, arguing that the claims lacked merit. Respondent did not argue that the petition was time-barred.

---

[2]The claims raised were as follows: (1) whether Petitioner was denied a fair trial because his jury and that of his co-defendant were not sequestered; (2) whether there was sufficient evidence of intent to submit the charge of first degree felony murder to the jury; (3) whether Petitioner was denied a fair trial by the jury's viewing him in handcuffs; and (4) whether the trial court's voir dire procedures failed to adequately protect Petitioner's right to an impartial jury.

The matter was referred to a magistrate judge who issued a report and recommendation (R&R) that the petition be denied as untimely based on *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999). In *Austin*, we held that a state post conviction motion that does not raise one or more of the issues presented on habeas review does not toll the one-year statute of limitations. The magistrate judge raised the issue of timeliness *sua sponte*. Because Petitioner's post conviction motion did not raise a federal claim, the magistrate judge determined that it did not toll the one-year limitations period. As Petitioner's direct review ended in 1997, the petition filed in 1999 was untimely. Petitioner filed objections in which he argued that *Austin* was wrongly decided and that equitable tolling should apply. The district court adopted the R&R and denied Petitioner's motion for reconsideration. We denied a certificate of appealability. *Wogoman v. Abramajtys*, No. 00-2158 (6th Cir. Feb. 1, 2001). The Supreme Court denied certiorari, *Wogoman v. Abramajtys*, 533 U.S. 955 (2001), and rehearing, *Wogoman v. Abramajtys,* 533 U.S. 975 (2001).

Approximately three years later, on August 19, 2004, we issued our *en banc* decision in *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004), overruling *Austin*. Petitioner then returned to the district court and filed a Rule 60(b) motion, arguing that the reversal of *Austin* entitles him to relief. The district court denied the motion and a certificate of appealability. As noted above, we issued a certificate of appealability as to the application of Rule 60(b)(5) and (b)(6).

## II.

### A.

3

Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ .P. 60(b).

A district court's ruling on a request for relief pursuant to this provision of the federal rules is reviewed only for an abuse of discretion, *see Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985), and is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

**B.**

**1.**

Petitioner first argues that the subsequent reversal of our decision in *Austin* qualifies for Rule 60(b)(5) relief as a "prior judgment upon which [the decision was based] has been reversed or otherwise vacated." Petitioner relies on *Berryhill v. United States*, 199 F.2d 217 (6th Cir.1952). In *Berryhill*, we held that a decision by the Court of Appeals for the Eighth Circuit did not qualify as a "prior judgment" within the meaning of Rule 60(b)(5), explaining:

We are of the opinion that the judgment in this case was not 'based' upon a prior judgment which has been reversed or otherwise vacated within the meaning of subsection 5 of Rule 60(b). The ruling of the Court of Appeals for the Eighth Circuit in *Woodward v. United States*, *supra*, was not controlling upon the District Judge, sitting in a different circuit, and the record does not show that the District Judge 'based' his ruling upon the decision in that case. With the conflicting rulings of the Third and Eighth Circuits before him, each persuasive only, the District Judge rules in accordance with his own view of the applicable law. Certainly it was not the purpose of the rule to permit a final judgment to be set aside whenever thereafter any case from another jurisdiction involving the same question and decided the same way is later reversed by an Appellate Court. If such was the rule, so-called final judgments would lose most of their finality.

199 F.2d at 219. Petitioner says that by "negative implication," *Berryhill* suggests that Rule 60(b)(5) applies because here the district court clearly relied on then-controlling precedent, *Austin*, as the basis for its judgment dismissing the petition.

Petitioner's argument proves too much. Other Circuits applying Rule 60(b)(5) have held that its application is limited to a judgment based on a prior judgment reversed or otherwise vacated--based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding. *See Tomlin v. McDaniel*, 865 F.2d 209, 210-11 (9th Cir. 1998); *Werner v. Carbo*, 731 F.2d 204, 207-08 (4th Cir. 1984); *Lubben v. Selective Serv. Sys., Local Bd. No. 27*, 453 F.2d 645, 650 (1st Cir. 1972). Commentators agree. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2863, at 334-35 (1973) (stating that "[t]his ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." ); 7 J. Moore & J. Lucas, Moore's Federal Practice § 60.26[3], at 60-246 to 60-248 (1987) ("[W]hile 60(b)(5) authorizes relief from a judgment on the ground that the prior judgment upon which it is based has been reversed or otherwise vacated, it

5

does not authorize relief from a judgment on the ground that the law applied by the court making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding."). Rule 60(b)(5) does not apply when a later precedent overturns a rule relied upon by a prior case. The "prior judgment," "reversed or otherwise vacated," must be related to the same proceeding. Thus, Petitioner is not entitled to invoke Rule 60(b)(5) to obtain relief.

**2.**

Petitioner also argues that relief is available under Rule 60(b)(6) because this presents an "exceptional or extraordinary circumstance." We explained the parameters of Rule 60(b)(6) in *Blue Diamond Coal Co. v. Trustees UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) where we stated that "[i]t is well established that a change in decisional law is usually not, by itself, an "extraordinary circumstance" meriting Rule 60(b)(6) relief. . . . Instead, courts have relied on applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." We further stated that "the decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Id*. at 529 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

We recently considered changes in habeas law and the application of Rule 60(b)(6) in *Stokes v. Williams*, 475 F.3d 732 (6th Cir. 2007). In *Stokes*, the district court dismissed Stokes's petition as untimely, concluding that the ninety-day time period for seeking a writ of certiorari

6

from the Supreme Court for the denial of post-conviction relief does not toll the statute of limitations. At the time of the district court's decision there was no controlling Sixth Circuit precedent; however, seven months later, we effectively ratified the district court's decision, holding that "§ 2244(d)(2) does not toll the statute of limitations period to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief." *Isham v. Randle*, 226 F.3d 691, 695 (6th Cir. 2000). Three years after *Isham*, we changed course and, in an *en banc* decision, held:

> [U]nder section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case.

*Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) (*en banc*). Stokes then returned to district court filing a motion under Rule 60(b)(6), arguing that under *Abela*, his petition would be timely and that he should have the opportunity to present his claims to a federal court. We disagreed, explaining:

> As noted previously, [our] *Blue Diamond Coal Co.* opinion held only "that a change in decisional law is *usually* not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." (emphasis added). *Blue Diamond Coal Co.*, 249 F.3d at 524. The decision did not, however, foreclose the possibility that only a change in decisional law might, in some circumstances, merit such relief . . . .
>
> In *Overbee*[3] for example, we explained that "[n]umerous courts have held that the mere showing of a change in the law is not enough to demonstrate . . . an extraordinary

---

[3]*Overbee v. Van Waters & Rogers*, 765 F.2d 578 (6th Cir. 1985).

7

situation *when the judgment has become final*," but concluded that the unique facts of that case actually compelled the grant of Rule 60(b)(6) relief. 765 F.2d at 580 (emphasis added). Crucial to the court's determination in *Overbee* were the facts that, "at the time the plaintiffs filed the motion, the judgment was not final" and that the Ohio Supreme Court had reversed itself within only one year of settling a question of state law. *See id*.

Stokes argues here that similarly persuasive circumstances should have compelled the district court to grant relief from the prior judgment dismissing his habeas corpus petition. However, unlike the situation in *Overbee*, the original decision in the petitioner's case had already become final by the time the Rule 60(b) motion was filed. Given this distinction, we cannot say that the district court abused its discretion in failing to reach the same result as that in *Overbee*, as a matter of equity, or in choosing to give greater weight in this case to "the competing polic[y] of the finality of judgments." *Blue Diamond Coal Co.*, 249 F.3d at 529.

*Stokes*, 475 F.3d at 736-37; *see also Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (holding that Rule 60(b)(6) did not apply to "changes in decisional law" which rendered timely a prior habeas petition dismissed as untimely).

The Supreme Court has also explained that a change in decisional law with regard to the statute of limitations in habeas cases is not an "extraordinary circumstance" under Rule 60(b)(5). In *Gonzales v. Crosby*, 545 U.S. 524, 536 (2005), the Supreme Court noted that the district court's dismissal of petitioner's habeas petition was "by all appearances" correct under "the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation."

As *Stokes*, *Hess*, and *Gonzalez* make clear, a change in the law which renders a previously dismissed habeas petition timely is not sufficient extraordinary circumstances under Rule 60(b)(6). While Petitioner diligently pursued his rights, his circumstances are not

8

extraordinary.  They are no more extraordinary than the countless other petitioners who found their habeas petitions time-barred during the approximately five and one-half years when *Austin* was the law in this Circuit.[4]  To be sure, habeas law, particularly with regard to statute of limitations issues, has evolved.  That evolution, however, does not automatically invoke Rule 60(b)(6).  Rule 60(b)(6) cannot be used to make every new rule of law fully retroactive and create a situation where no litigation can ever be final.  To hold otherwise would render the finality principle meaningless.

## III.

For the reasons stated above, the decision of the district court is AFFIRMED.

---

[4]To the extent that Petitioner argues that his circumstances are extraordinary because the magistrate judge raised the statute of limitations issue *sua sponte*, this argument lacks merit. Petitioner clearly had notice and an opportunity to argue the issue to the district court.  *See Day v. McDonough*, 547 U.S. 198 (2006) ("Before acting on its own initiative to dismiss a state prisoner's habeas petition as untimely, a court must accord the parties fair notice and an opportunity to present their positions."); *see also Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002).