NOT RECOMMENDED FOR PUBLICATION
File Name: 08a0061n.06
Filed: January 16, 2008

No. 06-1412

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JERAL PEOPLES, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| CHOPPLER et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: MERRITT, GILMAN, and COOK, Circuit Judges.

PER CURIAM. Jeral Peoples, a Michigan state prisoner represented by counsel, appeals

the district court's dismissal of his access-to-the-courts claim against the Michigan Department of

Corrections (MDOC) and various prison officials. He challenges the dismissal on the ground that

the Sixth Circuit cases relied upon by the district court are no longer good law in light of the

Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007). Because we agree, we reverse

the district court's judgment and remand the case for further proceedings consistent

with this opinion.

## I. BACKGROUND

Peoples is an inmate at the Baraga Maximum Correctional Facility in Baraga, Michigan.

While serving a sentence for a conviction that is not specified in the record, prison officials

apparently accused Peoples of misconduct. The nature of the misconduct is not clear from the record and is not relevant to this appeal. Peoples's complaint states that an administrative hearing officer found that he had in fact engaged in the misconduct, and that Peoples appealed the hearing officer's decision. In pursuing his administrative appeal, Peoples alleges that he prepared "legal material that proves him innocent of any violence" and that he sent the material to the prison library to be photocopied. He contends that the documentation was never returned to him because corrections officers destroyed it, in violation of his civil rights.

Peoples asserts that he attempted to exhaust his administrative remedies with regard to the claimed civil rights violations by filing both a Step I and a Step II grievance with the appropriate prison officials. He acknowledges that his Step I grievance was denied after he was interviewed by a prison official. His Step II grievance, however, was allegedly not received by the proper person and therefore was never processed. He accuses one of the prison's resident unit managers and other prison officials of intercepting the latter grievance and "not allow[ing] it to be processed." The record does not contain further information about Peoples's efforts, if any, to exhaust his administrative remedies.

In December of 2005, Peoples filed a pro se complaint pursuant to 42 U.S.C. § 1983. His complaint described the foregoing allegations and claimed that the MDOC and certain of its employees denied him access to the courts in violation of his First and Fourteenth Amendment rights.

The district court sua sponte determined that, although "Peoples's claims are the type of claims that may be grieved," he had failed to sufficiently allege and demonstrate the exhaustion of

his administrative remedies. This decision was reached in reliance on then-governing Sixth Circuit case law that interpreted the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, to require that a prisoner-litigant allege and show in his complaint that he had exhausted all available administrative remedies. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000)*, Williams v. McGinnis*, 175 F.3d 857 (6th Cir. 1999), and *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). Peoples's complaint was accordingly dismissed without prejudice. The district court docket sheet for this case shows that the defendants did not file a response to Peoples's complaint.

Peoples timely appealed with the assistance of counsel. He argues that the cases relied upon by the district court in dismissing his complaint are no longer good law in light of the Supreme Court's decision in *Jones*, 127 S. Ct. 910. The defendants have not filed a brief in response to Peoples's appeal.

## II. ANALYSIS

In *Jones*, the Supreme Court explicitly rejected the Sixth Circuit's interpretation of the exhaustion requirements under the PLRA and held, in pertinent part, that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 127 S. Ct. at 921. The *Jones* opinion makes clear that the Sixth Circuit cases on which the district court relied in dismissing Peoples's complaint applied a now-discredited interpretation of the PLRA. *See id.* at 915, 922-23; *cf. Okoro v. Hemingway*, 481 F.3d 873, 873 (6th Cir. 2007) (reversing, on a Fed. R. Civ. P. 60(b) motion, the district court's dismissal of a prisoner's civil rights complaint in light of *Jones*).

## III. CONCLUSION

Based on the foregoing analysis, we **REVERSE** the judgment of the district court and

**REMAND** the case for further proceedings consistent with *Jones v. Bock*.