NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0142n.06

No. 13-5878

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 18, 2014
DEBORAH S. HUNT, Clerk

JIAN TIAN LIN,

    Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
KENTUCKY

BEFORE: GILMAN, COOK, and McKEAGUE, Circuit Judges.

PER CURIAM. Jian Lin, a Chinese citizen, appeals through counsel a district court order granting the government's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in his proceeding seeking a writ of error coram nobis.

In 2006, Lin entered a guilty plea to a charge of harboring aliens and was sentenced to time served. Lin admitted that he assisted his brother in housing eighteen illegal aliens in two residences, and transporting them from the residences to his brother's restaurant where they worked. In 2012, he petitioned for a writ of coram nobis, arguing that he had recently learned that his conviction would result in his removal from the country. He claimed that his attorney never informed him of the immigration consequences of his plea, which constituted deficient performance under the Supreme Court's holding in *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). He also now claimed, contrary to his representations at the time of his plea, that he was actually innocent of harboring aliens, and that his brother had harbored him. The government

argued that the district court should hold the case in abeyance because the Supreme Court was considering the question of whether the holding in *Padilla* applied retroactively to cases on collateral review. The district court declined to hold the case in abeyance, finding that *Padilla* did not announce a new rule of law and therefore did apply retroactively. However, it noted that if the Supreme Court reached the opposite conclusion, the government could move for reconsideration. Accordingly, it granted Lin's petition for a writ of error coram nobis on December 21, 2012.

On February 20, 2013, the Supreme Court decided in *Chaidez v. United States*, 133 S. Ct. 1103, 1107-08 (2013), that *Padilla* did announce a new rule of law and thus did not apply retroactively to cases on collateral review. On March 11, 2013, the government moved for relief from the district court's order granting coram nobis relief. The district court granted the government's motion and reinstated Lin's conviction. Lin now argues that the government's motion for relief from judgment was untimely and without merit.

We review a decision on a motion for relief from judgment under Rule 60(b) for an abuse of discretion. *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009). A motion seeking relief based on legal error is properly brought under Rule 60(b)(1). *Okoro v. Hemingway*, 481 F.3d 873, 874 (6th Cir. 2007). Motions under Rule 60(b)(1) should be filed within the normal time for taking an appeal. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). A sixty-day appeal period applies in cases seeking a writ of error coram nobis. *United States v. Johnson*, 237 F.3d 751, 754 (6th Cir. 2001). In this case, the government's motion was filed more than sixty days after the district court's original order, but within sixty days of the Supreme Court's decision in *Chaidez*, on which the motion was based. Moreover, the district court had invited the

motion in the event the Supreme Court ruled contrary to its decision. Under these circumstances, we conclude that the motion was filed within a reasonable time as set forth in Rule 60(c).

Alternatively, Lin argues that the analysis set forth in *Teague v. Lane*, 489 U.S. 288 (1989), as to whether law applies retroactively, does not apply in collateral attacks on federal convictions. However, we have previously applied this analysis to collateral attacks on federal convictions. *See Valentine v. United States*, 488 F.3d 325, 328 (6th Cir. 2007). Lin also argues that such analysis should not apply to collateral attacks raising a claim of ineffective assistance of counsel, but he cites no authority for that proposition.

Accordingly, we find that the district court did not abuse its discretion in granting the government's motion for relief from judgment based on legal error. The district court's order is therefore affirmed.